UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS D. NEEDHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:04 CV 393 |
| ) | |
| INNERPAC, INC., ) | |
| ) | |
| Defendant ) | |

**OPINION AND ORDER**

Before the court is Plaintiff, Thomas D. Needham's "Motion to Reconsider" filed on June 21, 2007 seeking this court to reconsider its Opinion and Order dated June 6, 2006. In his motion, Needham requests this court to amend/clarify the portion of this court's order DENYING his Motion to Strike relating to whether Innerpac could present evidence at trial of the "efforts of Other Innerpac Employees to Solicit, Maintain, or Generate Sales of the Customer Accounts at Issue and Commissions Paid to these Employees for Sales within Plaintiff's Former Territory." Innerpac responded in opposition on July 24, 2007 to which Needham replied on August 14, 2007. For the following reasons, the motion to reconsider will be DENIED presently, but the issue may be revisited if the case, which is now bifurcated into a liability phase and a damages phase, reaches the damages phase.

As noted, Needham seeks reconsideration of this court's determination that Innerpac was entitled to present evidence that other sales representatives procured the sales for which Needham seeks commissions. On this issue, the undersigned reached the following conclusion:

1

>	During the telephone hearing on this issue, Innerpac indicated that it had no intention of presenting testimony from individual sales representatives who have serviced Needham's former sales territory since Needham's termination.  Rather, Innerpac intends to present testimony from two individuals, Jeff Norris ("Norris") and Eugene Marino ("Marino"), Innerpac's CEO, both of whom have been previously disclosed to Needham as witnesses.  The substance of their testimony, as disclosed by counsel, is to outline the steps that the two of them undertook after Needham's employment with Innerpac ended to procure sales to JIT Packaging, one of the main accounts Needham alleges he procured prior to his termination.  In addition, Marino is expected to generally testify that upon Needham's termination, other sales representatives were immediately transferred into his territory and serviced it, the inference being that these representative procured the sales after Needham left Innerpac's employ.  **Moreover, Defendant represents, and plaintiff did not argue to the contrary, that it has produced commission reports for the other sales representatives who earned commissions in plaintiff's former territory after he left the defendant's employ and thus, the commission amounts have been disclosed so as to permit an appropriate calculation of damages if Needham prevails.**
>	In light of the concession from Innerpac that it does not intend to call any witness other than the witnesses it has previously disclosed and the fact that Innerpac has provided commission reports to Needham outlining the sales commissions paid to the representatives transferred into his former territory, Needham's Motion to strike this evidence is DENIED.

Opinion and Order, June 6, 2007 at 9-10.

Needham cites to the bold/underlined language above and indicates that he did "argue to the contrary" in his brief and that he has not received commission reports for 14 of the 16 salespersons who have worked in his former territory. The court, however, based the above conclusion on what was represented by counsel at a telephone conference on May 2, 2007, after briefing had concluded on the motion. At that conference, Innerpac's counsel indicated "we produced all documents relating to activity in the territory." The undersigned interpreted this to mean that all documentation concerning sales and commissions paid in the territory was produced. Plaintiff's counsel did not say anything to contradict this during the conference nor did plaintiff's counsel indicate that any commission reports were not produced. Thus, the court presumed the issue raised by plaintiff in his

2

brief had resolved itself. Further, at the conclusion of the phone conference the undersigned asked counsel if he had "missed anything" and both counsel stated that he did not.

That said, plaintiff now comes forward once again arguing that it has no commission reports for commissions paid to sales representatives for sales occurring in the territory after Needham left Innerpac's employ. There are apparently 16 sales representatives who have worked the territory and Innerpac supplied commission information for 2 of the 16 and only for the year 2004. Plaintiff had requested such information from August 2000 to the present. Thus, plaintiff now seeks modification of the prior opinion to preclude Innerpac from offering evidence of commissions paid to Innerpac employees other than Needham. (Reply, at p.1).

In response, Innerpac states that Needham is attempting to "prevent defendant from arguing at trial that other employees procured the sales made after he left defendant's employ." (Resp. p. 1). Innerpac also now clarifies that it "has produced certain commission information (reports) for sales made in plaintiff's former territory." Defendant goes on to state, "Plaintiff is correct that defendant has not produced a commission statement for every sales representative that has worked in plaintiff's former territory for the last seven years. Defendant does not maintain such information for this time period." (Resp. p.2). Finally, Innerpac maintains that this information is irrelevant.

Having reviewed the issue, the court declines to reconsider its previous order at this stage of the litigation. The liability phase of this case is currently set for a two day bench trial beginning in slightly under three weeks. The issue for which Needham seeks reconsideration relates solely to the damages phase of this litigation in that if Needham prevails on liability (i.e., his contract entitles

3

him to post-termination commissions), the issue becomes whether he is entitled to damages for this or that particular sale. Of course, as this court has previously indicated, Needham has the burden of proving that he procured this or that particular sale for which he seeks commissions. At this point, however, the court concludes that it is premature to reconsider its prior rulings as to phase 2 damage issues prior to reaching this phase of the litigation.

Nevertheless, the court has at least one preliminary observation on the issue. To the extent Needham, by virtue of the present motion, is seeking to exclude Marino and Norris from testifying generally that Innerpac: (1) immediately placed other salespersons in plaintiff's former territory to service and maintain accounts previously serviced by Needham; or (2) paid commissions to other salespersons in plaintiff's former territory for sales they made wile servicing the territory, the court is not presently inclined to grant such relief. As noted in the original order, Innerpac has indicated that it intends to call Gene Marino, CEO and VP Jeff Norris to testify generally that they placed other people in Needham's territory and they, not Needham, created the relationships and serviced the accounts that led to sales to those customers. This evidence is intended by Innerpac to rebut the assertions made by Needham that he procured post-termination sales by virtue of the relationship he had with the customers during his employment with Innerpac. What Innerpac may not be entitled to do (and the court shall hear arguments on this point if phase 2 is reached) is present any documentary evidence showing commissions paid to other salespersons as evidence that these other salespersons "procured" particular sales in the plaintiff's former territory since they have withheld such information from Needham and claim now that such information does not exist. The parties

4

should be prepared to address this issue if the case reaches phase 2 and plaintiff renews his motion.

This said, the present motion will be DENIED. Plaintiff may renew his objection if the case reaches the damages phase.

SO ORDERED.

This 22nd day of August, 2007

s/ William C. Lee
United States District Court
Northern District of Indiana
